## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY MCCLANAHAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 14-483 (BAH) |
| v. | Judge Beryl A. Howell |
| U.S. DEPARTMENT OF JUSTICE, | |
| Defendant. | |

## <u>MEMORANDUM AND ORDER</u>

This case pertains to six requests filed by the plaintiffs, Kelly McClanahan and Cori

Crider, with the defendant, the Department of Justice ("DOJ"), for records maintained by the FBI

and two DOJ components, the Justice Management Division ("JMD") and the Criminal Division.

*See generally* Compl., ECF No. 1.  The requests seek, pursuant to the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, any records

maintained by the defendant regarding the plaintiffs and their involvement in various other FOIA

cases and investigations into the release of classified materials.  *See generally* Compl.  Pending

before the Court is the DOJ's Motion for Summary Judgment ("Def.'s Mot."), ECF No. 12.

Although the Complaint challenges the search for and withholding of records responsive

to six requests, detailed in five counts, after the defendant filed the instant motion, the plaintiff

reviewed the materials submitted by the defendant and determined that the defendant had

"provided sufficient information . . . to satisfy Plaintiffs that their FOIA/PA requests had been

properly processed" as to three of the six requests at issue.  Pl.'s Opp'n Def.'s Mot. ("Pl.'s

Opp'n") at 1 n.1, ECF No. 16.  Those requests, submitted to the JMD and the Criminal Division,

are contained in Counts Three, Four, and Five of the plaintiffs' Complaint.  Compl. ¶¶ 107–24.

Thus, the plaintiffs have limited the scope of their opposition to the defendant's motion to the three requests referenced in Counts One and Two of the Complaint, each of which sought records from the FBI.  Pl.'s Opp'n at 1 n.1.

Count One challenges the FBI's response to two FOIA requests submitted by Plaintiff McClanahan, the first on November 16, 2012 (the "2012 Request"), and the second on October 10, 2013 (the "2013 Request").  Compl. ¶¶ 89, 94.  These requests sought all records "created since 1 January 2012" pertaining to Plaintiff McClanahan or his company, National Security Counselors ("NSC"), "involving [Plaintiff McClanahan's] possession of classified information in the context of two federal court cases."  *Id.* ¶ 89.  The FBI responded to the 2012 Request by stating the requested records were "located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A)," the FOIA exemption for certain types of "law enforcement records."  *Id.* ¶ 91.  The FBI thus declined to produce any records responsive to the 2012 Request.  *Id.*  Plaintiff McClanahan appealed the FBI's response to the Office of Information Policy, the DOJ component that reviews FOIA denials, on January 22, 2013, which affirmed the FBI's response.  *Id.* ¶¶ 92–93.

Plaintiff McClanahan filed the 2013 Request seeking the identical records, but, since it was filed almost one year after the 2012 Request, the 2013 Request also sought records that may have been created after the 2012 Request was filed.[1]  *See id.* ¶ 94.  "On 11 December 2013, the FBI again denied [Plaintiff] McClanahan's request.  The denial letter was identical to the 17 January 2013" letter denying Plaintiff McClanahan's 2012 Request, "with the exception of the

---

[1] Plaintiff McClanahan notes that the 2013 Request also included a statement that he "was informed by attorneys from the National Security Division and the U.S. Attorney's Office for the Eastern District of Virginia on 8 February 2013 that neither [Plaintiff McClanahan] nor NSC was 'the target' of any ongoing criminal or national security investigations, but [Plaintiff McClanahan] still believe[d] that information about NSC or [Plaintiff McClanahan] resides in records about closed or ongoing investigations about *others*."  Compl. ¶ 94 (emphasis in original).

request number." *Id.* ¶ 96.  Plaintiff McClanahan contends that he timely appealed the denial of

the 2013 Request on February 8, 2014.  *Id.* ¶ 97.

Count Two challenges the FBI's response to a request submitted through counsel by

Plaintiff Crider seeking "all records about her."  *Id.* ¶ 102.  Plaintiff Crider avers that she did not

receive a response within the statutorily mandated twenty working days after submission of the

request.  *Id.* ¶ 105.  Thus, Plaintiff Crider asserts that she has constructively exhausted her

administrative remedies.  *Id.*

The defendant asserts that Plaintiff McClanahan failed to exhaust his administrative

remedies as to his 2013 Request since the DOJ's OIP "conducted a search of its electronic

tracking system and found no record of an appeal."  Def.'s Mem. Supp. Def.'s Mot. Summ. J.

("Def.'s Mem.") at 31, ECF No. 12.  Plaintiff McClanahan avers that he sent his appeal in an

email to an address maintained by the defendant specifically for the receipt of appeals to the

denial of FOIA requests, as he had done on numerous occasions prior to the submission of the

appeal to the 2013 Request.  *See* Pl.'s Opp'n at 5–6; Pl.'s Opp'n Ex. A (Email dated Feb. 8, 2014

from plaintiffs to "DOJ.OIP.Administrative.Appeal@usdoj.gov" containing appeal to 2013

Request).

The defendant does not dispute that Plaintiff McClanahan sent a timely appeal in an

email, but indicates that this appeal was sent to an address that was deactivated on January 17,

2013.  Decl. of Priscilla A. Jones, Supervisory Admin. Specialist, OIP ("Jones Decl.") ¶ 7, ECF

No. 12-3.  The defendant's declarant further states that the DOJ made the decision between

March 2012 and January 2013 to transition from the email address to the use of an "online

portal" for FOIA requests and appeals.  *See id.* ¶ 4.  "On November 1, 2012, OIP activated an

'out of office' message for the email account . . . that advised anyone who sent an email to that address that the email address would be deactivated as of January 1, 2013." *Id.* ¶ 5.

Plaintiff McClanahan notes that his internet service provider blocked these "bounceback" emails as part of its spam filtering software, which is not an uncommon setting for spam filters. Pl.'s Opp'n Ex. C (Decl. of Plaintiff McClanahan ("McClanahan Decl.")) ¶ 5, ECF No. 16-3. Indeed, Plaintiff McClanahan notes that when he sent an appeal to the email address in question from his home computer, which uses a different internet service provider than his office, on January 19, 2013, he received the "bounceback" message. *Id.* ¶ 6.  Plaintiff McClanahan avers that he "immediately sent an email to OIP FOIA Program Manager Bertina Adams Cleveland ostensibly alerting her to the fact that there was a problem with OIP's appeals email account," to which he received no reply, and that appeal email was subsequently processed. *Id.*; Pl.'s Opp'n at 12.  According to Plaintiff McClanahan, it was only in July 2014 that he learned, in reference to another pending appeal, that the email address had been deactivated.  McClanahan Decl. ¶ 5.

The defendants contend that since Plaintiff McClanahan sent his appeal to the deactivated email address, he "concedes that he did not file an administrative appeal of his 2013 FOIA request in accordance with [DOJ] procedures."  Def.'s Reply Pl.'s Opp'n Def.'s Mot. ("Def.'s Reply") at 3, ECF No. 20.  Plaintiff McClanahan, however, claims that he should be deemed to have exhausted his administrative remedies by attempting to file his appeal by email, as he had done many times before and, in any event, such an attempt would have been futile since his first request, which was substantially similar to his second request, had been rejected in full.  *See* Pl.'s Opp'n at 11–13.  The defendant contends that Plaintiff McClanahan is entitled to no relief as to his second FOIA request to the FBI, Def.'s Reply at 7, while Plaintiff McClanahan urges this

Court to proceed to the merits of his claim, given his attempt to exhaust administratively his rights as to the 2013 Request, Pl.'s Opp'n at 13.

The purpose of the FOIA's administrative exhaustion requirement is to give "'the agency [] an opportunity to exercise its discretion and expertise on the matter and [] make a factual record to support its decision.'" *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). The *Wilbur* court noted, however, that administrative exhaustion in the FOIA context "is a prudential consideration rather than a jurisdictional prerequisite," and thus subject to equitable tolling. *See id.* In this matter, the defendant used an entirely inadequate mechanism to alert the public that a long established method for appealing FOIA denials was about to be deactivated by sending automated "bounceback messages" and "remov[ing] references to the soon-to-be-deactivated email address from its website." Jones Decl. ¶ 5. To be sure, the defendant may change its processes for accepting appeals, but its failure to provide adequate notice, with the consequence of rendering invalid attempts to appeal FOIA denials through the old email address, undermines the purpose of the administrative exhaustion process such that the Court is satisfied the time for Plaintiff McClanahan's appeal should be equitably tolled. *See Wilbur*, 355 F.3d at 677 (approving processing of appeal after four year delay because plaintiff "did not bypass the administrative review process but pursued it to its end").

Consequently, rather than addressing the pending Motion for Summary Judgment in a piecemeal fashion by ruling on the administratively exhausted claims, namely, the 2012 Request and Plaintiff Crider's request, in Counts One and Two, respectively, and remanding the 2013 Request for processing of Plaintiff McClanahan's appeal, the Court declines to reach the merits of the plaintiffs' challenges to those requests at this time and will await the results of the FBI's

processing of the 2013 Request so as to resolve all of the plaintiffs' remaining challenges simultaneously.  Accordingly, it is hereby

**ORDERED** that the defendant's Motion for Summary Judgment, ECF No. 12, is GRANTED in part and DENIED in part without prejudice.  The defendant's motion is GRANTED as to Counts Three, Four, and Five of the plaintiffs' Complaint, since the plaintiff no longer challenges the adequacy of the defendant's processing of those claims.  The motion is DENIED, without prejudice, in all other respects; and it is further

**ORDERED** that Plaintiff McClanahan's appeal to OIP, submitted via email on February 8, 2014, is REMANDED to the defendant so that it may process the appeal in the first instance and "exercise its discretion and expertise on the matter and [] make a factual record to support its decision." *Wilbur*, 355 F.3d at 677 (internal quotation marks omitted); and it is further

**ORDERED** that the parties submit jointly a report apprising the Court of the status of the defendant's processing of Plaintiff McClanahan's appeal by September 28, 2015, and every thirty days thereafter, until said processing is complete, at which time the parties shall submit a proposed schedule to govern further proceedings in this matter.

**SO ORDERED.**

Date: July 28, 2015

_____
BERYL A. HOWELL
United States District Judge